IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 20-cv-76

ANITA MARTIN,

    Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO
d/b/a XCEL ENERGY, a wholly-owned subsidiary
of Xcel Energy, Inc.,

    Defendant.

## AMENDED COMPLAINT

Plaintiff Anita Martin, by her attorney Anne T. Sulton, brings this action against Defendant, seeking relief for unlawful employment discrimination in violation of 42 U.S.C. § 2000e, *et seq*. (Title VII) and 42 U.S.C. § 1981.

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over the claims in this action and is a proper venue for this action because Mrs. Martin's claims arise in Denver, Colorado, which is within this Court's geographical boundaries.

2.    All conditions precedent to bringing this action are fulfilled, and this action is timely commenced. Mrs. Martin timely filed a formal complaint of employment discrimination, known as EEOC Charge No. 541-2018-00298, alleging race and sex discrimination when denied

a promotion to the full-time "lead pipe fitter" position, and violation of the Equal Pay Act when paid less than her similarly-situated white male co-workers performing the same job duties. Based upon its investigation, the EEOC was unable to reach any conclusions or make any findings of fact – it issued to Mrs. Martin a right to sue letter on September 27, 2019. This lawsuit was filed in State Court within 90 days of Mrs. Martin's receipt of her right to sue letter from the EEOC. Defendant removed this case to Federal Court.

**PARTIES**

3. Plaintiff Anita Martin is an adult female resident of Denver County, Colorado. She is Hispanic and Native American. From April 4, 1983 to May 31, 2017, Mrs. Martin was employed by the Defendant, working for Defendant in the Denver metro area. She was fully qualified for all positions she held. Mrs. Martin consistently satisfactorily performed all job duties assigned, including journeyman level "lead pipe fitter" job duties.

4. Defendant Public Service Company of Colorado, d/b/a XCEL ENERGY, is a wholly-owned subsidiary of Xcel Energy, Inc. ("Xcel"), located at 1800 Larimer Street, Denver, Colorado 80202. It provides public utility services to millions of customers, and employs thousands of persons nationwide. Few of its journeyman level pipe fitters are female; even fewer are women of color.

**ALLEGATIONS OF FACT FOR ALL CAUSES OF ACTION**

5. On April 4, 1983, Defendant hired Mrs. Martin to work as a laborer, paying her $7.42 per hour. She consistently satisfactorily performed her laborer job duties.

6. In 1987, Defendant promoted Mrs. Martin to the position of pipe fitter. She was fully qualified for this journeyman level position. She consistently satisfactorily performed her pipe fitter job duties.

7. At all times material hereto, on information and belief Mrs. Martin was the only Hispanic/Native American female working for Defendant as a pipe fitter in the Denver metro area. Her formal job title was Gas Service Fitter B grade level 24/job code U05298/pay rate $40.38 per hour, a/k/a "pipe fitter".

8. Because of her qualifications, including decades of consistently satisfactory job performance as a pipe fitter, Mrs. Martin was entitled to be selected for promotion from full-time pipe fitter to full-time lead pipe fitter as soon as a full-time vacancy occurred – she was next in line for promotion. The formal job title for the promotional position to which Mrs. Martin was entitled is Lead Service Fitter grade level 28/job code U05762/pay rate $43.68 per hour, a/k/a "lead pipe fitter".

9. The lead pipe fitter position pays more per hour than the pipe fitter position, in part, because it requires more experience and skill, involves more dangerous work, and carries more risk for Defendant and its customers.

10. The lead pipe fitter position is a company mission critical position – this full-time position cannot remain vacant and must be filled with a fully qualified competent journeyman level employee. Among the job duties is responding quickly to emergency situations occurring due to severe weather and other events compromising the public utility services provided by Defendant.

11. A full-time lead pipe fitter position was vacant in 2016.

12. In 2016, Mrs. Martin inquired about the effective date of her promotion to the full-time position because she was next in line for promotion from full-time pipe fitter to full-time lead pipe fitter.

13. Mike Catbagan, who is among the persons responsible for posting the full-time lead pipe fitter vacancy notice, told Mrs. Martin that: a) she could not be promoted into the full-time lead pipe fitter position until the vacancy notice was posted; b) she would be promoted full-time as soon as the vacancy notice was posted because she was next in line for this full-time promotion; c) she would be assigned part-time as needed to perform lead pipe fitter job duties; and d) when she performed lead pipe fitter job duties then she would be paid the same hourly wage as others similarly-situated, i.e., holding the job title and performing full-time the job duties of lead pipe fitter in her unit – two white males named Randy Ohelert and Bob Ramsey.

14. In 2016, Mrs. Martin was assigned to perform lead pipe fitter job duties approximately 79.95 hours each month. She performed the same work as the two similarly-situated white males (Ohelert and Ramsey) – there were no differences in their duties, responsibilities, tasks or functions. The work she performed was equal to the work Ohelert and Ramsey performed:

a) their jobs were performed under the same physical surroundings and hazards and other working conditions;

b) required equal skill by journeyman level experience, ability, and training required to perform the job;

c) required equal physical and mental exertion or effort to perform the job;

and

d) required equal accountability or responsibility for performing the job.

15. In 2017, Mrs. Martin was assigned to perform lead pipe fitter job duties approximately 102.6 hours each month. She performed the same work as the two similarly-situated white males (Ohelert and Ramsey) – there were no differences in their duties, responsibilities, tasks or functions. The work she performed was equal to the work Ohelert and Ramsey performed:

a) their jobs were performed under the same physical surroundings and hazards and other working conditions;

b) required equal skill by journeyman level experience, ability, and training required to perform the job;

c) required equal physical and mental exertion or effort to perform the job;

and

d) required equal accountability or responsibility for performing the job.

16. Among the co-workers with whom Mrs. Martin worked and are eyewitnesses to her consistently satisfactorily performing the same lead pipe fitter job duties as Ohelert and Ramsey are: Mary Regan, Robert Villescas, John Tolve, William Rademacker, and Johnathan Mildenberger.

17. On or about March 17, 2017, Mrs. Martin again inquired about being promoted to the full-time lead pipe fitter position. Mr. Catbagan (reportedly self-identifies to co-workers in the workplace that he is white) told her that he would not post the vacancy notice because he and Randy Jatko (white male) did not want her promoted to the full-time lead pipe fitter position.

18. On or about March 17, 2017, Mrs. Martin spoke with Emir Ahmedic (Defendant's Senior Manager, Operations) about being denied promotion to the full-time lead pipe fitter

position. She told Mr. Ahmedic that if she was not promoted full-time to lead pipe fitter then she would retire effective May 31, 2017.

19. Mr. Ahmedic failed to take any steps to ensure the full-time lead pipe fitter vacancy was posted.

20. The full-time lead pipe fitter vacancy was not posted.

21. Defendant refused and failed to promote Mrs. Martin to the full-time lead pipe fitter position.

22. Mrs. Martin was denied promotion to the full-time lead pipe fitter to which she was entitled.

23. Mrs. Martin retired on May 31, 2017.

24. Immediately after Mrs. Martin retired, at least two employees in her work unit – none of whom are women of color – were promoted to full-time lead pipe fitter.

25. All white or male employees entitled to be promoted to full-time lead pipe fitter were promoted. Only Mrs. Martin was assigned – on essentially a part-time basis – to perform lead pipe fitter job duties.

26. All white or male employees entitled to be promoted to full-time lead pipe fitter were immediately promoted when a full-time vacancy occurred.

**FIRST CAUSE OF ACTION – RACE DISCRIMINATION
IN VIOLATION OF TITLE VII and 42 U.S.C. § 1981**

27. All previous paragraphs are incorporated here by reference.

28. Title VII and and 42 U.S.C. § 1981 make it illegal for employers to refuse to promote or to discriminate in matters of compensation, terms, conditions, or privileges of employment against any person otherwise qualified because of race.

29. Mrs. Martin is a member of a protected group, i.e., she is Hispanic and Native American.

30. Mrs. Martin is fully qualified for the journeyman level full-time lead pipe fitter position.

31. Mrs. Martin consistently satisfactorily performed all assigned job duties, including lead pipe fitter job duties.

32. Mrs. Martin was entitled to be promoted to the full-time lead pipe fitter position – she was next in line for promotion.

33. Defendant denied Mrs. Martin the promotion to which she was entitled.

34. Defendant intentionally denied Mrs. Martin the promotion based upon her race.

35. When Defendant intentionally denied Mrs.Martin the promotion based upon her race, it violated Title VII and 42 U.S.C. § 1981.

36. As a result of Defendant's unlawful actions, Mrs. Martin suffered lost wages and benefits, and emotional distress.

37. Mrs. Martin seeks the relief noted below in the Relief Requested section.

**SECOND CAUSE OF ACTION – SEX DISCRIMINATION
IN VIOLATION OF TITLE VII**

38. All previous paragraphs are incorporated here by reference.

39. Title VII make it illegal for employers to refuse to promote or to discriminate in matters of compensation, terms, conditions, or privileges of employment against any person otherwise qualified because of sex.

40. Mrs. Martin is a member of a protected group, i.e., she is female.

41. Mrs. Martin is fully qualified for the journeyman level full-time lead pipe fitter position.

42. Mrs. Martin consistently satisfactorily performed all assigned job duties, including lead pipe fitter job duties.

43. Mrs. Martin was entitled to be promoted to the full-time lead pipe fitter position – she was next in line for promotion.

44. Defendant denied Mrs. Martin the promotion to which she was entitled.

45. Defendant intentionally denied Mrs. Martin the promotion based upon her sex.

46. When Defendant intentionally denied Mrs. Martin the promotion based upon her sex, it violated Title VII.

47. As a result of Defendant's unlawful actions, Mrs. Martin suffered lost wages and benefits, and emotional distress.

48. Mrs. Martin seeks the relief noted below in the Relief Requested section.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Anita Martin respectfully requests this honorable Court enter judgment in her favor and against Defendant, and accord her the following relief:

( a )  Back pay and all benefits to which she is entitled;

( b )  Front pay and benefits to the extent instatement in the promotional position to which she was entitled is not feasible, including adjustments to her retirement benefits;

( c )  Compensatory damages for her non-economic injuries, including emotional distress, in an amount authorized by law;

( d ) Punitive damages because Defendant engaged in intentional discrimination and has so done with malice or reckless indifference to her Federally protected rights;

( e ) An award of reasonable attorneys' fees, expert witness fees, and costs to reimburse her for fees and other expenses incurred to pursue this action against Defendant;

( f ) Prejudgment and post-judgment interest; and

( g ) Such other legal and equitable relief deemed just and proper under the circumstances.

## JURY DEMAND

Plaintiff Anita Martin hereby respectfully requests a trial by jury on all the issues in this action that are triable to a jury.

Respectfully submitted this 21st day of July, 2020.

> *s/ Anne T. Sulton*
> Anne T. Sulton, Ph.D., J.D.
> *Attorney for Plaintiff Anita Martin*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 21, 2020, a copy of the foregoing was sent via the Court's CM/ECF system to opposing counsel Megan W. Martinez and Sarah G. Nolan.

> *s/ Anne T. Sulton*
> Anne T. Sulton, Ph.D., J.D.