IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 20-cv-00076-RBJ

ANITA MARTIN,

    Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO, a wholly-owned subsidiary of Xcel Energy, Inc. d/b/a Xcel Energy,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

### I. STATUTE OF LIMITATIONS

To begin, the Court disagrees with defendant's argument that plaintiff's claim is time-barred. *See* ECF No. 56. The parties agree that plaintiff had 300 days to file her Title VII employment discrimination claim with the Equal Opportunity Employment Commission (EEOC). *Id.* at p.17 (citing, *inter alia*, *Belgasem v. Water Pik Tech*, 457 F.Supp.2d 1205 (D. Colo. 2006)); ECF No. 60 (declining to dispute the 300-day statute of limitations for Title VII claims).[1]

---

[1] Even if a different filing period should apply, the Court could accept and effectuate the parties' representations because "[c]ompliance with the filing requirements of Title VII is not a jurisdictional prerequisite . . . and is subject to waiver, estoppel, and equitable tolling." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

1

Defendant would start the 300-day countdown on March 17, 2017, the day that plaintiff's supervisor declined to guarantee that he would post a vacancy notice. *See* ECF No. 56-2 at p.1. But plaintiff's EEOC complaint alleges that discrimination occurred as late as May 30, 2017. ECF No. 33-1 p.1.

This May 30th date is an appropriate date from which to begin the 300-day filing period because it is the last day on which plaintiff was employed. Plaintiff alleges discriminatory failure to promote. On May 30, 2017, while she was still employed by defendant, she could have been promoted but was not. Plaintiff filed her EEOC claim February 12, 2018, only 258 days after her employment —and the final chance for her to be promoted — concluded and within the 300-day filing period.

As for plaintiff's § 1981 claim, this complaint was filed on December 23, 2019. Section 1981's period of limitations is four years. *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004).

## II.   SHOWING OF DISCRIMINATION

In a minute order entered shortly before defendant's motion for summary judgment, ECF No. 53, this Court stated that:

> There appear to be genuine and material disputes of fact concerning whether and when vacancies for the lead pipe fitter position existed during the period January 1, 2015 through December 31, 2018; as to any such vacancies, whether the position was posted, and if not, why not; as to any vacancy for which plaintiff applied, why she was not selected; whether race, ethnicity or gender played any role in the filling of any vacancies that occurred during this period; whether defendant intentionally did not post one or more vacancies for the lead pipe fitter position before plaintiff's retirement so that plaintiff could not apply for the position; and whether and why positions were created for others in the several months after plaintiff's retirement.

The Court sees no reason to change its considered position. Defendant's claims that plaintiff's evidence "is not persuasive" or "is not inconsistent" with defendant's theory of the

case do not establish that no reasonable jury could return a verdict in plaintiff's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ORDER

Defendant's motion for summary judgment, ECF No. 56, is DENIED.

DATED this 15th day of September, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge